UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE M. GREENWOOD,

                Plaintiff,

    v.

ARTHREX, INC.,
TE CONNECTIVITY CORPORATION f/k/a
HEAT SHRINK INNOVATIONS, LLC, and
PRECISON EDGE SURGICAL PRODUCTS
COMPANY, LLC,

                Defendants.

**DECISION AND ORDER**

21-CV-1101S

## I.  Introduction

This is a removed diversity action wherein Plaintiff Leslie Greenwood alleges product liability against Defendant Arthrex, Inc. ("Arthrex"), a medical device manufacturer.  Arthrex produced the "Arthrex Burr," a medical device that purportedly injured Plaintiff during an October 2018 surgical procedure.

Presently before this Court is Arthrex's Motion for Judgment on the Pleadings (Docket No. 37[1]), seeking dismissal of the Second Amended Complaint with prejudice, arguing that it should be dismissed for the same reasons this Court previously dismissed claims alleged against codefendant TE Connectivity Corporation ("TE"), see Greenwood v. Arthrex, Inc., No. 21CV1101, 2022 WL 2117763[2] (W.D.N.Y. 2022) (Skretny, J.) (Docket

---

[1]In support of its Motion, Arthrex submits its Memorandum of Law, Docket No. 37, and its Reply Memorandum, Docket No. 43.  In opposition, Plaintiff submits her supporting papers for her Cross-Motion, Docket No. 41, including her Memorandum of Law, id.

[2]Familiarity with that Decision and Order is presumed.

No. 31, Decision and Order of June 13, 2022; see Docket No. 18 (TE Motion); see generally Docket No. 37, Arthrex Memo.).

Plaintiff opposed and cross-moved for leave to file a Third Amended Complaint (Docket No. 41). This Court granted the Cross-Motion and leave to so amend (Docket No. 45; see Docket No. 46, 3d Am. Compl.). After Plaintiff filed the Third Amended Complaint (the relevant pleading for the Motion for Judgment on the Pleadings), Arthrex's Motion is deemed submitted (see Docket No. 45).

For the reasons stated below, Arthrex's Motion (Docket No. 37) is granted in part, denied in part. As pled in the Third Amended Complaint (Docket No. 46), Arthrex's Motion for Judgment dismissing Greenwood's First Cause of Action is denied; the Second Cause of Action is denied but Plaintiff is granted leave to amend this claim; the Third Cause of Action is granted; and the Fourth Cause of Action is denied but Greenwood is granted leave to also amend this claim. Plaintiff has 14 days from entry of this Decision and Order to serve and file her new Fourth Amended Complaint revised consistent with this Decision and Arthrex shall answer or respond to the latest amended pleading as directed below.

## II.    Background

### A. Procedural History

Leslie Greenwood originally sued Arthrex in New York State Supreme Court (Docket No. 1, Notice of Removal ¶ 2, Ex. A, Tab 1). Arthrex answered (id., Ex. A, Tab 3) and Greenwood amended that Complaint adding Defendants (id. ¶ 5, Ex. A, Tab 7). New Codefendant Precision Edge Surgical Products Company ("Precision Edge") removed this case to this Court (id. ¶ 9, Exs. B, C). After TE and Precision Edge moved to dismiss the first Amended Complaint (Docket Nos. 6, 7; see also Docket No. 17, Order

dismissing Motions as mooted by amended pleading), Greenwood filed her Second Amended Complaint (Docket No. 13). Arthrex answered the Second Amended Complaint (Docket No. 19).

TE (Docket No. 18) and Precision Edge (Docket No. 20) then moved to dismiss the Second Amended Complaint. On June 13, 2022, this Court granted these Motions, Greenwood, supra, 2022 WL 2117763 (Docket No. 31). There, this Court dismissed with prejudice Greenwood's strict product liability theories, negligence and breach of warranties claims against TE, id. at *9-13, 14, and against Precision Edge, id. at *6-9, 14.

B. Facts as Alleged in the Third Amended Complaint (Docket No. 46)

The Third Amended Complaint removes allegations against TE and Precision Edge and alleges four modified Causes of Action against Arthrex for negligence, strict products liability, breach of warranties, and failure to warn (see generally Docket No. 46, 3d Am. Compl.).

As previously discussed, Greenwood, supra, 2022 WL 2117763, at *1-2, Plaintiff was injured during a surgical procedure on or about October 25, 2018, when the Arthrex Burr device used there resulted in permanent and serious injuries to her (Docket No. 46, 3d Am. Compl. ¶¶ 10-11). Greenwood's doctor later told her that there had been a "mechanical malfunction of the Arthrex surgical instrument identified by the manufacturer that resulted in a significant heating of the shaft of the burr that was most likely the cause of the anterior thermal on her shoulder" (id. ¶ 12).

In the amended First Cause of Action Arthrex alleges negligence in manufacturing and distributing the Arthrex Burr device (id. ¶¶ 6-9, 11), contending that the Arthrex Burr device was defective "because it generated an unsafe and dangerous amount of heat

and it proximately caused Plaintiff to suffer serious personal injuries, including a severe burn to the skin of her shoulder" (id. ¶ 13).

The amended Second Cause of Action alleges that Arthrex defectively designed and manufactured its Arthrex Burr device, negligently putting the device into the stream of commerce (id. ¶¶ 24, 28, 31, 22).  Greenwood claims that it was feasible for Arthrex to design a safer alternative to the Arthrex Burr device (id. ¶¶ 29-30), without however proffering a safer design.  She again invokes the recall statement issued 90 days after her surgery (id. ¶ 30).  She claims that the defective device overheated and burned her because Arthrex failed to conduct adequate heat testing or failed to use proper alloys and insulation in the device to prevent overheating (id. ¶ 32).

In the amended Third Cause of Action, Greenwood alleges Arthrex's breach of express and implied warranties of fitness and merchantability in the sale of the Arthrex Burr device and that Arthrex breached warranties that the device was safe for arthroscopic surgery and would not overheat (id. ¶¶ 36-38).  Plaintiff, however, does not produce an express warranty from Arthrex.

Finally, the Fourth Cause of Action now alleges Arthrex's failure to warn of the defects that would cause overheating (id. ¶ 44).  Plaintiff claims that Arthrex's instructions were inadequate or defective, contending that (if they existed) they were not sufficiently prominent, that they were ambiguous or vague, not provided with the device, and/or were otherwise defective (id. ¶ 45).

4

### III.   Discussion

A.  Motion for Judgment on the Pleadings, Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings," Fed. R. Civ. P. 12(c).  Pleadings include the Complaint, Answer, and documents attached as exhibits thereto, L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citing Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam)); Royal Ins. Co. of Am. v. Sportswear Group, LLC, 85 F. Supp. 2d 275, 278 (S.D.N.Y. 2000); see Fed. R. Civ. P. 10(c); Lively v. WAFRA Invest. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir. 2021) (just as Rule 12(b)(6), courts may consider extrinsic material that the complaint incorporates by reference in Rule 12(c) motion).  A Rule 12(c) Motion is addressed to the face of the pleadings, see Lively, supra, 6 F.4th at 301.  If matters outside of these pleadings are presented and not excluded by this Court, the Motion must be converted to a Summary Judgment Motion, Fed. R. Civ. P. 12(c); Nance v. Equinox Music, No. 09CV7808, 2010 WL 4340469, at *2 (N.D. Ill. Oct. 22, 2010); see 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368, at 248, 251 (Civil 3d ed. 2004).  Greenwood here has not introduced matters beyond her Third Amended Complaint and its exhibit (the Arthrex recall notice).

The standards for Rule 12(c) are identical to those under Rule 12(b)(6), 5C Federal Practice and Procedure, supra, § 1368, at 238, 242; Lively, supra, 6 F.4th at 301 (Docket No. 37, Arthrex Memo. at 1).  For example, like a Motion to Dismiss under Rule 12(b)(6), for judgment on pleadings all well pleaded allegations in the Complaint are assumed to be true and Defendant "contravening assertions in the movant's pleadings are taken to

be false," 5C <u>Federal Practice and Procedure</u>, <u>supra</u>, § 1368, at 230.  The factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor, <u>e.g.</u>, <u>L-7 Designs</u>, <u>supra</u>, 647 F.3d at 429.

However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true, <u>see</u> <u>Ortiz v. Wagstaff</u>, No. 17CV321, 2017 WL 11237274, at *6 (W.D.N.Y. Dec. 13, 2017) (Scott, Mag. J.) (Report & Rec.) (Docket No. 37, Arthrex Memo. at 1-2), <u>adopted</u>, 2019 WL 1236336, at *6 (W.D.N.Y. Mar. 18, 2019) (Wolford, J.).

As previously noted, <u>Greenwood</u>, <u>supra</u>, 2022 WL 2117763, at *3, under Rules 12(b)(6) and 12(c) the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (<u>see also</u> Docket No. 41, Pl. Memo. at 2).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570; <u>Graziano v. Pataki</u>, 689 F.3d 110, 114 (2d Cir. 2012) (Rule 12(c)).

To survive a Motion for Judgment on the Pleadings arguing a failure to state a claim, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555.  As reaffirmed by the Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [<u>Twombly</u>, <u>supra</u>, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims," Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  Under Twombly, plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence," to support Plaintiff's claim, 550 U.S. at 556; Rosen v. St. Jude Med., Inc., 41 F. Supp. 3d 170, 183, 182-83 (N.D.N.Y. 2014) (pleading specificity under Rule 8).

   B.  Arthrex's Motion for Judgment (Docket No. 37)

Arthrex seeks judgment dismissing Greenwood's strict liability, negligence, and warranty claims with prejudice (Docket No. 37).  Adopting some of TE's successful arguments in support of its Motion to Dismiss (cf. Docket No. 18) and contending that Greenwood's allegations here are virtually identical to those against TE (Docket No. 37, Arthrex Memo. at 2-3), Arthrex concludes that Greenwood fails to state claims against it because she only alleges conclusory facts (id. at 2, 5, 8, 10, 12).

Plaintiff generally responds with her Cross-Motion for leave to amend again her Complaint (Docket No. 41, Pl. Cross-Motion; id., Pl. Memo. at 14-15, Ex. B, 3d Am. Compl.; see Docket No. 46, 3d Am. Compl.).  Although this Court dismissed her parallel claims against TE, Greenwood now replies that this Court has yet to determine the sufficiency of these claims as against Arthrex (Docket No. 41, Pl. Memo. at 12).

7

1.  First Cause of Action--Negligence

      a.  Legal Standards:  Product Liability under New York Law

As previously concluded, <u>Greenwood</u>, <u>supra</u>, 2022 WL 2117763, at *3-4, New York substantive law applies here.  In granting the former Codefendants' Motions to Dismiss, this Court discussed the standards applicable for the various alleged theories for product liability under New York law:  strict liability, negligence, and breach of warranty, <u>id.</u> at *9-10.

New York law recognizes three strict liability theories for product defect:  defective design, defective manufacturing, and failure-to-warn, <u>Zsa Jewels, Inc. v. BMW of N. Am., LLC</u>, 419 F. Supp. 3d 490, 506 (E.D.N.Y. 2019); <u>Thomas v. ConAgra Foods, Inc.</u>, No. 20CV6239, 2021 WL 1176011, at *2 (W.D.N.Y. Mar. 29, 2021) (Wolford, C.J.).  Under New York law, "the elements of negligence claims based on design defect, manufacturing defect, and failure to warn theories are the same as those under strict liability," <u>Miccio v. Conagra Foods Inc.</u>, 224 F. Supp. 3d 200, 208 (W.D.N.Y. 2016)(Wolford, J.).

"'To state a claim for manufacturing defect under theories of strict liability, negligence, or breach of warranty, the plaintiff must allege that (1) the product was defective due to error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury,'" <u>id.</u> at 204 (denying motion to dismiss) (quoting <u>Williamson v. Stryker Corp.</u>, No. 12 Civ. 7083(CM), 2013 WL 3833081, at *4 (S.D.N.Y. July 23, 2013) (citation omitted)) (Docket No. 37, Arthrex Memo. at 4; <u>see also</u> Docket No. 18, TE Memo. at 5; Docket No. 23, Pl. Memo. at 4-5).  Plaintiff "must show that the product either was not built to specifications or did not conform to the manufacturer's intended design," <u>Williamson</u>, <u>supra</u>, 2013 WL 3833081, at *4; <u>Miccio</u>, <u>supra</u>, 224 F. Supp. 3d at 204.  "In

other words, a manufacturing flaw exists when the unit in question deviates in quality and other performance standards from all of the other identical units," Bertini v. Smith & Nephew, Inc., 8 F. Supp. 3d 246, 257 (E.D.N.Y. 2014); Miccio, supra, 224 F. Supp. 3d at 204.

For a design defect claim, "a plaintiff must demonstrate: '(1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing Plaintiff's injury,'" Thomas, supra, 2021 WL 1176011, at *2 (quoting Oden v. Boston Sci. Corp., 330 F. Supp. 3d 877, 888 (E.D.N.Y. 2018) (denying dismissal of design defect claim)) (Docket No. 37, Arthrex Memo. at 6; see also Docket No. 18, TE Memo. at 6).

At the pleading stage, a claimant may allege alternatively manufacturing and design defects, Catalano v. BMW of N. Am., LLC, 167 F. Supp. 3d 540, 555 (S.D.N.Y. 2016); Thomas, supra, 2021 WL 1176011, at *3. Ordinarily, to state a design defect claim Plaintiff must allege that the device met all design specifications but a manufacturing claim requires proof of deviation from the design specifications. Those concepts are mutually exclusive, Astoria Energy II LLC v. HH Valves Ltd., No. 17CV5724, 2019 WL 4120759, at *4 (E.D.N.Y. Aug. 2, 2019) (Reyes, Mag. J.) (Report & Recommendation), adopted, 2019 WL 4091417 (E.D.N.Y. Aug. 29, 2019); Thomas, supra, 2021 WL 1176011, at *3.

The standards for negligence are the same as those for strict liability theories, Greenwood, supra, 2022 WL 2117763, at *13 (see Docket No. 37, Arthrex Memo. at 9).

b.  Parties' Contentions

Arthrex argues that Plaintiff's strict liability claims should be dismissed because Plaintiff does not specify the manufactured defect in the Arthrex Burr device (Docket No. 37, Arthrex Memo. at 4-5).   Plaintiff had not alleged that the Arthrex Burr device deviated from similar products (id. at 5, citing Greenwood, supra, 2022 WL 2117763, at *12).  Arthrex argues further that Plaintiff failed to allege facts establishing a design defect while not specifying the problem with the Arthrex Burr device's design or offering safer design alternatives (id. at 5, 6-7).  Arthrex next claims Plaintiff has not alleged facts of causation (id. at 7).

Arthrex next contends that, as the strict liability claims were not alleged, Plaintiff's negligence claims also should be dismissed (id. at 9; Docket No. 43, Arthrex Reply Memo. at 5).

Arthrex replies that Plaintiff merely pled conclusory manufacturing defect allegations (Docket No. 43, Arthrex Reply Memo. at 1-3) or failure to warn claims (id. at 4-5).  Arthrex contends that Greenwood did not state a design defect claim (id. at 3-4). Arthrex next argues that Plaintiff does not dispute her failure to allege strict product liability or negligent product liability claims (id. at 5) or her warranty claims (id.).

c.  Plaintiff Alleges Product Liability in Her First Cause of Action

As for the First Cause of Action, the sufficiency of the Third Amended Complaint turns on whether Plaintiff also sufficiently alleged Arthrex's strict liability, since the elements of negligence and strict product liability under New York law are identical, see Miccio, supra, 224 F. Supp. 3d at 208, 205-06.

The Third Amended Complaint alleges that the Arthrex Burr device was either manufactured defectively or designed to be defective, causing overheating and eventually burning Plaintiff (Docket No. 46, 3d Am. Compl. ¶¶ 13, 15, 24, 29-32).  Greenwood alleges Arthrex's role in manufacturing and distributing the Arthrex Burr device that caused injury to Plaintiff.  Greenwood claims that the Arthrex Burr device generated excessive heat and that Arthrex later recognized this problem in issuing a recall notice months after Plaintiff's surgery (see id. ¶¶ 13-14).  The defect in the Arthrex Burr device that led to overheating was due to errors in manufacturing or design and that defect proximately caused her injury (id. ¶¶ 13, 12, 24, 28-30, 31-32).

This Court finds that Plaintiff's amended pleading plausibly alleges a negligence claim.  At this pleading stage, Plaintiff alleges circumstantial evidence that the Arthrex Burr device injured her.

Plaintiff's negligence Cause of Action raises issues of fact precluding judgment for Arthrex, such as whether the Arthrex Burr device injured Plaintiff due to overheating and the cause and theory of liability for that overheating.  Thus, Arthrex's Motion for Judgment on the Pleadings (Docket No. 37) dismissing this claim is denied.

2.  Second Cause of Action, Manufacturing and Design Defect

In the Second Cause of Action Plaintiff purports to allege Arthrex's strict liability for design or manufacturing defects in the Arthrex Burr device.  Each facet of this claim is considered, given the alternative allegation of design and manufacturing defect claims, see Catalano, supra, 167 F. Supp. 3d at 555.

a.     Parties' Contentions

Arthrex argues that Greenwood fails to allege her failure to warn claim (Docket No. 37, Arthrex Memo. at 7-9).  Plaintiff relies upon Arthrex's recall notice of January 2019 which was issued months after the use of the Arthrex Burr device upon Plaintiff in October 2018.  Arthrex concludes this recall does not provide grounds for any warning to Plaintiff.  (Id. at 8, citing Greenwood, supra, 2022 WL 2117763, at *12.)  Arthrex claims that the warning allegations were speculative and insufficient to give fair notice of her claim (see id., citing Greenwood, supra, 2022 WL 2117763, at *12).

b.     Greenwood Alleges Design Defect Liability

Plaintiff alleges possible design flaws and shows a causal connection between the defect and her injuries, see Rosen, supra, 41 F. Supp. 3d at 183.  This Court can draw a reasonable inference that Arthrex is liable for product liability.  Plaintiff's amended claim survives Arthrex's Motion for Judgment on the Pleadings (Docket No. 37); that Motion is denied as to the design defect claims.

c.     Greenwood Fails to Allege Manufacturing Defect in this Pleading

"A manufacturing defect claim should be dismissed if the plaintiff has not alleged that 'the particular [product] administered to her had a defect compared to other samples of that [product],'" Bertini, supra, 8 F. Supp. 3d at 257 (citing Reed v. Pfizer, Inc., 839 F. Supp. 2d 571, 577 (E.D.N.Y. 2012)); Miccio, supra, 224 F. Supp. 3d at 204.  The Third Amended Complaint generically alleges a manufacturing defect (Docket No. 46, 3d Am. Compl. ¶ 24), that Arthrex negligently released the device used in her surgery that malfunctioned despite the existence of other, properly manufactured Arthrex Burr devices

(id. ¶ 15).  Greenwood here claims that Arthrex failed to test properly the device or use appropriate alloys and insulation causing her injury (id. ¶ 32).

Greenwood, however, does not compare the device used in her surgery with other Arthrex Burr devices (beyond claiming that the device used on her somehow malfunctioned, id. ¶ 15), specify the purported malfunction, or allege any deviation from design specifications (see Docket No. 43, Arthrex Reply Memo. at 9; see also Docket No. 37, Arthrex Memo. at 5, citing Greenwood, supra, 2022 WL 2117763, at *12, Bertini, supra, 8 F. Supp. 3d at 249-50, 257).

These allegations focus more on the design defect in the Arthrex Burr device and not any deviation of one device from others manufactured by Arthrex.  Greenwood does not plausibly allege a difference between the device used on her from other Arthrex Burr devices.  She also does not allege (upon information and belief) a manufacturing defect or facts to support such a defect claim.  Instead, Greenwood merely concludes that the Arthrex Burr device used in her surgery malfunctioned without stating the exact malfunction or speculating upon a cause or theory for the malfunction.

This contrasts with the product defect in Miccio.  There, plaintiff Jamie Miccio specifically alleged that defendants' cooking spray can (which exploded at room temperature injuring her) was manufactured defectively as opposed to other spray cans made or distributed by defendants, Miccio, supra, 224 F. Supp. 3d at 204, 205.  While she alleged inadequate testing of the spray can (as Greenwood generally alleges here, Docket No. 46, 3d Am. Compl. ¶¶ 32-33), Miccio also specifically alleged that defendants conducted insufficient heat, pressure, and wall thickness testing, and failed to conduct a hot water bath test of the spray can, id. at 204, tests that would have revealed the defect

13

in her spray can.  Miccio alleged a theory that the bottom of the spray can she purchased deviated in quality and performance from other cans because the explosion occurred before the spray nozzle could dislodge any pressure, id.  Judge Wolford allowed Miccio's manufacturing defect claim to proceed, concluding that Miccio alleged a purported defect in the acquired spray can with the circumstances of the accident asserting the existence of the manufacturing defect, id. at 205-06, 206 n.1 (quoting Williamson, supra, 2013 WL 3833081, at *5).

Greenwood here only alleges the failure of testing in general (Docket No. 46, 3d Am. Compl. ¶¶ 32-33) without detailing the type of testing that should have been performed, whether the device used on Plaintiff was tested, or what testing was performed on other units of the Arthrex Burr device.  She accuses Arthrex of the inadequacy of the heat testing and alloys and insulation used in manufacturing the device used in her surgery (id. ¶ 33) without alleging what occurred with other Arthrex Burr devices.  While this allegation may support a design defect claim, Plaintiff alleges no comparison with the testing, alloys, and insulation of other device units manufactured by Arthrex to state a manufacturing defect claim.

Furthermore, Greenwood does not allege the manufacturing process for the Arthrex Burr device used in her surgery to allege such a defect.  Further, she does not note any physical differences between these units and the device used in her surgery. Absent allegation of sampling or additional information about manufacturing Arthrex Burr devices, Greenwood's manufacturing defect claims as alleged in the Third Amended Complaint fail to state a claim.

14

d.      Granting Leave to Further Amendment

If the facts support her, however, this Court concludes that Greenwood can amend her manufacturing defect claim in the Third Amended Complaint to allege a comparison of the Arthrex Burr device used on her compared with others Arthrex manufactured or sampling of Arthrex devices.  There is no legal impediment to this amended allegation and such an amendment would not be futile.  Greenwood is granted leave to file a Fourth Amended Complaint amending this Second Cause of Action.

Given this state of the Second Cause of Action, the Third Amended Complaint is not the final pleading of this claim for Arthrex's Motion for Judgment on the Pleadings. Issues of fact also may arise from her manufacturing defect Cause of Action as to causation and whether the precise Arthrex Burr device used in Greenwood's October 2018 surgery deviated from others manufactured by Arthrex.  It is thus premature to decide Arthrex's Motion for Judgment on the Pleadings (Docket No. 37) on this Cause of Action.  Resolution of Arthrex's Motion awaits Greenwood's action on amending this claim and how she poses that claim.  Arthrex's Motion (id.) for Judgment dismissing this claim as currently alleged is denied.

3.  Third Cause of Action, Breach of Express and Implied Warranties

a.      Legal Standard for Breach of Warranties

Under New York law, to allege a breach of express warranty,

"A prima facie claim for breach of express warranty requires the plaintiff to 'show that there was an affirmation of fact or promise by the seller, the natural tendency of which [was] to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment.'"  Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F. Supp. 2d 585, 604 (S.D.N.Y. 2010), amended on reconsideration (Mar. 23, 2010) (citing Nealy v. U.S. Surgical Corp., 587 F. Supp. 2d 579, 584 (S.D.N.Y. 2008))."

15

Miccio, supra, 224 F. Supp. 3d at 207; see also Hingos v. W.L. Gore & Assoc., No. 3:16-CV-969 (NAM/DEP), 2017 WL 3309095, at *6 (N.D.N.Y. Jan. 27, 2017) (to state claim, plaintiff must allege exact terms of warranty, its breach, and breach injured plaintiff); Greenwood, 2022 WL 2117763, at *10.

To plead a breach of implied warranty, "a plaintiff 'must show that the product was not reasonably fit for its intended purpose, an inquiry that focuses on the expectations for the performance of the product when used in the customary, usual[,] and reasonably foreseeable manners,' Porrazzo v. Bumble Bee Foods, LLC, 822 F. Supp. 2d 406, 420-21 (S.D.N.Y. 2011) (citation omitted)," Bertini, supra, 8 F. Supp. 3d at 259-60 (see Docket No. 37, Arthrex Memo. at 9; see also Docket No. 18, TE Memo. at 9).

Under U.C.C. § 2-607(3)(a) where the buyer (here, Plaintiff's doctor) accepts the product "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy," N.Y. U.C.C. § 2-607(3)(a); see Greenwood, supra, 2022 WL 2117763, at *13 (see Docket No. 37, Arthrex Memo. at 10, 12; Docket No. 44, Arthrex Memo. at 8); Grossman, supra, 516 F. Supp. 3d at 282-83 (notice of breach of warranty).  This U.C.C. notice "need only 'alert [the prospective defendant] that the transaction [was] troublesome,'" KSW Mech. Servs. v. Johnson Controls, Inc., 992 F. Supp. 2d 135, 144 n.10 (E.D.N.Y. 2014) (quoting Amerol Corp. v. Am. Chemie-Pharma, Inc., No. 04 Civ. 0940(JO), 2006 WL 721319, at *8 (E.D.N.Y. Mar. 17, 2006) (quoting in turn Cliffstar Corp. v. Elmar Indus., Inc., 254 A.D.2d 723, 724, 678 N.Y.S.2d 222, 223 (4th Dep't 1998)).

b.      Parties' Contentions

Arthrex argues that Greenwood did not give pre-action notice of her potential warranty claims as required by New York U.C.C. § 2-607(3)(a) (Docket No. 37, Arthrex Memo. at 12, citing Grossman v. Simply Nourish Pet Food Co. LLC, 516 F. Supp. 3d 261, 283 (E.D.N.Y. 2021); Greenwood, supra, 2022 WL 2117763, at *11).  She also failed to allege breaches of express or implied warranty by not alleging her reliance or how the Arthrex Burr device beached the warranties (id. at 11-12).

Greenwood generally argues that she pled viable causes of action (see Docket No. 41, Pl. Memo. at 3), presumably including her breach of warranty claims. Alternatively, she sought leave to amend the Complaint (see id. at 14).  She, however, does not address the specific issues raised regarding her breach of warranty claims.

c.      Greenwood Fails to Allege Breach of Warranties

Greenwood needs to allege here that she served Arthrex with pre-suit notice to invoke express or implied warranty liability, N.Y. U.C.C. § 2-607(3)(a); see Cosgrove v. Oregon Chai, Inc., 52 F. Supp. 3d 562, 585-86 (S.D.N.Y. 2021); see Greenwood, supra, 2022 WL 2116663, at *13 (Docket No. 37, Arthrex Memo. at 10, 12; see also Docket No. 44, Arthrex Memo. at 8).  Despite this Court's prior ruling, Greenwood, supra, 2022 WL 2116663, at *13, dismissing her identical warranty claims against TE for the absence of pre-suit notice and amending her Complaint following that Decision, Greenwood has not alleged pre-suit notice in the Third Amended Complaint.

Arthrex's Motion for Judgment on the Pleadings (Docket No. 37) dismissing the current Third Cause of Action is granted.  This Court need not address Arthrex's alternative arguments on the sufficiency of the warranty claims.

d.      Leave to Amend Is Denied

Greenwood now seeks further leave to amend if her pleadings are deemed deficient (cf. Docket No. 41, Pl. Memo. at 14-15).  Plaintiff, however, has amended this Complaint three times including this Cross-Motion (see Docket Nos. 1, Ex. A, Tab 7 (Am. Compl.), 13 (2d Am. Compl.), 41, Ex. B (proposed 3d Am. Compl.); Docket No. 46, 3d Am. Compl.; see also Docket No. 37, Arthrex Memo. at 12) without furnishing pre-suit notice to Arthrex.  This Court previously noted that Plaintiff did not respond to TE's identical arguments against her breach of warranty claims, including the absence of pre-suit notice of her intention to sue those claims, Greenwood, supra, 2022 WL 2117763, at *13 (see also Docket No. 37, Arthrex Memo. at 8-9).  Further amending that claim would be futile absent proof that Greenwood gave notice to Arthrex that she would invoke Arthrex's warranties.  Therefore, leave to amend this claim is denied.

Arthrex's Motion for Judgment on the Pleadings (Docket No. 37) dismissing the Third Cause of Action is granted.

4.  Fourth Cause of Action, Duty to Warn

Finally, the Fourth Cause of Action generally alleges failure to warn that Arthrex (as manufacturer of the Arthrex Burr device) owed Plaintiff a duty of reasonable care and a duty to supply a safe product to her and to the public but Arthrex breached those duties (Docket No. 46, 3d Am. Compl. ¶ 44).

a.      Legal Standard

A manufacturer's duty to warn is distinct from any duty of care.  The duty to warn arises when a manufacturer knows or should have known of a danger arising from a foreseeable use of the product, Liriano v. Hobart Corp., 92 N.Y.2d 232, 237, 677 N.Y.S.2d

764, 766 (1998); Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 297, 582 N.Y.S.2d 373, 376 (1992) (citing cases).  Manufacturers thus have "a duty to warn against latent dangers resulting from foreseeable uses of its products of which it knew or should have known," Rastelli, supra, 79 N.Y.2d at 297, 582 N.Y.S.2d at 376.

To allege a failure to warn claim, plaintiff "'must show:  (1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm,'" Thomas, supra, 2021 WL 1176011, at *3 (quoting Quintana v. B. Braun Med. Inc., No. 17-CV-6614 (ALC), 2018 WL 3559091, at *5 (S.D.N.Y. July 24, 2018)) (Docket No. 37, Arthrex Memo. at 7).  A failure to warn liability may exist where there was no warning given by a manufacturer, Liriano, supra, 92 N.Y.2d at 237, 677 N.Y.S.2d at 766; see Codling v. Paglia, 32 N.Y.2d 330, 342, 345 N.Y.S.2d 461, 469-70 (1973).

Plaintiff also needs to claim that the warning was inadequate, Ainette v. Market Basket Inc., No. 19cv4506, 2021 WL 1022590, at *13 (S.D.N.Y. Mar. 16, 2021) (Docket No. 37, Arthrex Memo. at 7); Reed v. Pfizer, 839 F. Supp. 2d 571, 575 (E.D.N.Y. 2012). Adequacy of notice, even when none was given, is an issue of fact, Oliver v. N.L. Indus., Inc., 170 A.D.2d 959, 959, 566 N.Y.S.2d 128, 129 (4th Dep't 1991).  A failure to warn claim does not prevail "if a plaintiff does not plead facts indicating how the provided warnings were inadequate," Reed, supra, 839 F. Supp. 2d at 575 (citing cases).  Plaintiff, however, asserts the inadequacy or insufficiency of a nonexistent warning, id.; see Ainette, supra, 2021 WL 1022590, at *13 (liability could be imposed for a complete failure to warn of a particular hazard, quoting DiMura v. City of Albany, 239 A.D.2d 828, 829, 657 N.Y.S.2d 844, 846 (3d Dep't 1997)).

19

                    b.      Greenwood Fails to Allege Arthrex's Duty to Warn in the Pending Complaint

Greenwood states that Arthrex failed to instruct its customers on the dangers of the Arthrex Burr device overheating (Docket No. 41, Pl. Memo. at 11) that Arthrex failed to warn, explain, and/or instruct consumers on the device's proclivity to excessive heat (Docket No. 46, 3d Am. Compl. ¶ 44).

Arthrex has a duty to warn patients like Plaintiff of the latent dangers from the foreseeable use of its device that Arthrex knew or should have known existed, e.g., Liriano, supra, 92 N.Y.2d at 237, 677 N.Y.S.2d at 376.  It was foreseeable that the Arthrex Burr device would be used in surgery, its intended purpose.

Although Greenwood has not alleged the text of a warning that should have been given (cf. Docket No. 37, Arthrex Memo. at 8), she alleges the absence of any warning (Docket No. 46, 3d Am. Compl. ¶ 44), Ainette, supra, 2021 WL 1022590, at *13; Alfieri, supra, 17 A.D.2d at 460, 235 N.Y.S.2d at 759.  By doing this Greenwood states a claim for a nonexistent warning, see Ainette, supra, 2021 WL 1022590, at *13, and that the absence of a warning is inadequate as a matter of law, see Reed, supra, 839 F. Supp. 2d at 575, without requiring Greenwood to allege the warning language that should have been furnished to state her claim.

What remains unclear, however, is whether Arthrex knew or should have known (up to Plaintiff's October 2018 surgery) the risk of that device overheating during a surgical procedure to require a warning.  Plaintiff alleges this risk was known to Arthrex only based upon its January 2019 voluntary recall notice, months after her surgery (see Docket No. 46, 3d Am. Compl. ¶ 44).  Despite Arthrex's acknowledgement of that recall (see

Docket No. 41, Pl. Memo. at 6; Docket No. 19, Arthrex Ans. to 2d Am. Compl. ¶ 37),
Greenwood does not allege the reason for Defendant's voluntary 2019 recall.

Greenwood has not alleged that the overheating risk was so apparent as to require
a warning. She also does not allege when or whether Arthrex had knowledge of the
overheating problem leading up to Plaintiff's October 2018 surgery. She does not
mention other instances of the Arthrex Burr device overheating that led to the
January 2019 voluntary recall. Aside from that recall, she does not otherwise allege
Arthrex's awareness of the risk of the Arthrex Burr overheating prior to her surgery. There
is no allegation, for example, that cutting bone and flesh during surgery (the surgical
procedures for using the Arthrex Burr device) inherently caused friction and the potential
for heating (or overheating) of the device. Standing alone, the risk of the Arthrex Burr
device overheating was not obvious enough to require a warning.

Plaintiff instead argues that her allegations were supported by the January 2019
recall notice for the Arthrex Burr device potentially generating excessive heat (Docket
No. 46, 3d Am. Compl. ¶ 44; Docket No. 41, Pl. Memo. at 6, 11-12, Ex. A). Reliance upon
that recall notice as reason for warning before Greenwood's surgery that occurred months
before (without additional allegations) cannot support a failure to warn claim. This Court
dismissed Greenwood's similar claim against TE based upon the temporal order of her
surgery and the date of the recall notice (cf. Docket No. 37, Arthrex Memo. at 8),
Greenwood, supra, 2022 WL 2117763, at *12-13.

Based upon the present allegations, the Fourth Cause of Action fails to state a
claim. The next issue is whether Greenwood can yet amend her failure to warn claim to
state a claim.

21

c.   Granting Leave to Further Amendment of this Claim

This Court finds that Greenwood can amend the Fourth Cause of Action and allege her failure to warn claim.  If the facts support amendment, Greenwood can allege Arthrex's prior notice of the Arthrex Burr device overheating that is the predicate to Arthrex's duty to warn.  Arthrex's voluntary recall (issued months after Plaintiff's procedure and injury) had to be based upon Arthrex having some knowledge of heating issues with the Arthrex Burr device.  The questions are when Arthrex learned of this problem and whether it was before Plaintiff's October 2018 surgery for Greenwood to allege Arthrex's duty to warn.

There is no legal impediment to Greenwood amending her Complaint to allege Arthrex's known or suspected knowledge of the overheating risk for the Arthrex Burr device prior to Plaintiff's procedure.  Such an amendment of a duty to warn claim would not be futile.  Greenwood is granted leave to file a Fourth Amended Complaint also amending this Fourth Cause of Action.

As with Greenwood's Second Cause of Action, an amended Fourth Cause of Action now precludes decision on Arthrex's Motion for Judgment on the Pleadings on that claim.  Once the amendment is filed, its sufficiency can be challenged.  Thus, it is premature to decide Arthrex's Motion for Judgment on the Pleadings (Docket No. 37) on claims Plaintiff may yet amend further.  Arthrex's Motion seeking dismissal of the Fourth Cause of Action, therefore, is denied.

## IV.   Conclusion

With the Third Amended Complaint (Docket No. 46) as the relevant pleading, Leslie Greenwood pleads her First Cause of Action.  Arthrex, Inc.'s, Motion for Judgment

22

on the Pleadings (Docket No. 37) dismissing its Third Cause of Action is granted <u>with</u> <u>prejudice</u>; in all other respects Arthrex's Motion is denied pending Plaintiff's filing of a Fourth Amended Complaint consistent with this Decision (to include only her First, Second, and Fourth Causes of Action).

Plaintiff shall serve and file the Fourth Amended Complaint within 14 days from entry of this Decision.   Failure to amend the Third Amended Complaint will result in proceeding only upon the First Cause of Action and so much of the Second Cause of Action alleging a design defect claim in her Third Amended Complaint and dismissal of the other Causes of Action with prejudice.   Arthrex shall answer or otherwise respond to the Fourth Amended Complaint within 14 days of service of that amended pleading, <u>see</u> <u>Case v. Anderson</u>, No. 16 Civ. 983, 2017 WL 3701863, at *29, 30 (S.D.N.Y. Aug. 25, 2017) (granting leave to amend, denying in part motion to dismiss, ordering plaintiff further modify amended complaint and defendants to answer amended complaint).

## V.   Orders

IT HEREBY IS ORDERED, that the Motion of Arthrex, Inc., for Judgment on the Pleadings (Docket No. 37) is GRANTED IN PART, DENIED IN PART.   Plaintiff's Third Cause of Action is dismissed with prejudice.   In all other respects, Arthrex's Motion is DENIED.

FURTHER, that Plaintiff is granted leave to serve and file a Fourth Amended Complaint consistent with this Decision within 14 days of entry of this Decision and Arthrex then shall answer or otherwise respond within 14 days of service of that amended pleading,

FURTHER, that if Plaintiff fails to file her Fourth Amended Complaint as directed the manufacturing defect claim of her Second Cause of Action and the entire Fourth Cause of Action of the Third Amended Complaint (Docket No. 46) will be dismissed with prejudice without further Order of this Court, and the case will proceed on Plaintiff's First Cause of Action and Plaintiff's design defect claims of her Second Cause of Action as alleged in the Third Amended Complaint (id.).

SO ORDERED.


Dated:        March 10, 2023
              Buffalo, New York


                                          s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge